### DEPARTURE FROM CAUSE OF ACTION ON APPEAL.

Common Pleas Court of Licking County.

WM. H. MEAD, JR., v. JAMES B. CUSH.

Decided, January Term, 1912.

*Appeal—Open to Dismissal where Cause of Action Has Been Changed —Character of Action for Recovery of Insurance Premiums Overdue.*

1. An action to recover insurance premiums alleged to be due and unpaid is not an action on an account, but is for money paid out at the request of the defendant.
2. On appeal to the common pleas, a motion will lie to strike from the files an amended petition which states a cause of action different from that tried before the justice of the peace.

*J. V. Hilliard*, for plaintiff.
*Flory & Flory*, contra.

SEWARD, J. (orally).

This case is submitted to the court upon a motion to strike the amended petition from the files, because it is a departure from the action which was brought before the justice of the peace. The case comes into this court upon appeal. The action below was upon an account. A copy of the account was attached to the original petition filed in this court. It is a pure and simple action upon an account. In another case of the same party

against another defendant, this court held that he could not maintain the action on an account; that it must be for money paid out for and at the request of the defendant. That case went to the circuit court, and the judgment of this court was affirmed. The pleader attempts to amend this petition by conforming to the judgment of this court and the circuit court, and alleges in the amended petition that this money was paid out at the request of and for the use of the defendant.

The question is whether that is a departure from the original action. I think it is. I am only able to find one case which seems to be on all fours with this case. It is the case of *Strauss* v. *Adams et al*, reported in 4 Nisi Prius, at page 109:

"The court of common pleas of this state is a court of general original and appellate jurisdiction. When a case is appealed to the court of common pleas, from a judgment of a justice of the peace, its jurisdiction over it is appellate only, and limited to the cause tried in the justice's court."

I will read from the opinion of the court:

"This action comes into this court upon appeal from the decision of a justice of the peace.

"It has been submitted upon a motion to strike from the files the third amended petition, and to dismiss the appeal, upon the ground that there is a departure from the cause of action tried before the magistrate, and the one set up in said amended petition.

"The claim tried before the justice of the peace, and appealed to this court, is an open account, stated in the bill of particulars as follows:

" 'The plaintiff says there is due him from the defendants the sum of $61.65 for goods, wares and merchandise, sold and delivered to said defendants by the above plaintiff, during the past year—for which amount with interest thereon from the 21st day of May, 1894, at the rate of six per cent., the plaintiff asks judgment.' "

The account in the case at bar was for insurance premiums alleged to be due.

"No leave to amend says the court in *Strauss* v. *Adams,* has been asked, or granted, in this, or the justice's court.    The

cause of action set up in said petition is therein stated in two counts, each based upon the same claim—the first upon an account stated and a promise to pay it—the second is for an alleged balance found due the plaintiff upon an alleged settlement of said account. The amount claimed in each count, is less than one hundred dollars.

"In the motion under consideration, the defendants ask, first, that the third amended petition be stricken from the files; and second, that the appeal be dismissed, upon the ground that the cause of action set up in the petition is a departure from the cause of action tried before the magistrate.

"The claim in each count in the third amended petition is a different cause of action from the one tried before the magistrate. It is therefore an attempt to abandon the cause of action tried before the justice, and appealed to this court, and to substitute for it, and try in this court, another and different cause of action. That change is a departure in pleading, and thereby a cause of action is set up of which this court has no jurisdiction."

The court thinks that the same is true in this case. The motion to strike the amended petition from the files may be sustained.

I might say that if the pleader made a mistake below, his only remedy is to dismiss and bring his action properly.